CHICAGO—FIRST DISTRICT—MARCH, 1914.     439

Rhodes v. Illinois Commercial Men's Ass'n, 185 Ill. App. 439.

## Stella F. Rhodes, Appellant, v. Illinois Commercial Men's Association, Appellee.

### Gen. No. 18,274. (Not to be reported in full.)

Appeal from the Superior Court of Cook County; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed March 11, 1914.

## Statement of the Case.

Action by Stella F. Rhodes against Illinois Commercial Men's Association, a corporation, to recover on an accident policy issued by the defendant to Edwin R. Cahoone, the plaintiff being named in the policy as beneficiary. The defendant is a mutual accident insurance company doing business on the assessment plan under the statute in force July 1, 1893, Hurd's R. S. 1911, Ch. 73, p. 1366, J. & A. ¶¶ 6549 *et seq.* The policy provided that all the by-laws of the association and all amendments and alterations thereof as soon as made should become a part of the policy as fully as if recited at length over the signature of the insured. Judgment was entered in favor of defendant, and to reverse the same plaintiff appeals.

LEWIS, FOLSOM & STREETER, for appellant.

JAMES MAHER, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 746*—*when by-laws of mutual insurance company part of the contract.* Where by the express terms of the certificate or policy of insurance the contract of insurance consists of the certificate, the application for membership, and the by-laws of

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

the association, the by-laws are a binding part of the contract, unless they are contrary to the laws of the State or of the nation, or inconsistent with the terms of the certificate.

2. INSURANCE, § 746*—*when by-law restricting liability enforceable as part of contract.* A by-law of a mutual accident insurance company that there shall be no liability on the contract if death does not result in ninety days after the accident, *held* not unreasonable or inconsistent with the terms of the policy, and not in contravention of any law of this State.

3. INSURANCE, § 710*—*when statute requiring policy to state agreement inapplicable.* Section 209, ch. 73, Hurd's R. S. 1909, J. & A. ¶ 6528, providing that policies insuring against loss of life resulting from accident shall state on their face the agreement with the insured, has no application to accident insurance on the assessment plan.

4. INSURANCE, ¶ 746*—*when contingencies upon which insurance is to be paid need not be stated in the policy.* Section 244, ch. 73, Hurd's R. S. 1911, J. & A. ¶ 6563, relating to life or accident insurance companies on the assessment plan, does not require that all the contingencies upon which insurance is to be paid should be stated in the policy or that the by-laws should not provide for certain other contingencies, upon the happening of which no part of the sum should be paid; it simply requires the corporation to specify the amount of its liability, and the time the same shall be due, in case the contract is not avoided by fraud or breach of its conditions.